IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00646-LTB-NYW

ANDREW J. O'CONNOR,

    Plaintiff,

v.

NANCY BERRYHILL, Acting Commissioner of Social Security,[1]

    Defendant.

---

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER

---

Magistrate Judge Nina Y. Wang

This civil action comes before the court on the Acting Commissioner of Social Security's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) ("Motion to Dismiss"). [#11, filed May 12, 2016]. Also before the court is Plaintiff's Motion for Summary Judgment. [#22, filed November 3, 2017]. The Motion to Dismiss and Motion for Summary Judgment were referred to the undersigned Magistrate Judge pursuant to the Order Referring Case dated November 3, 2017 [#20] and the memoranda dated November 3, 2017 [#21] and November 8, 2017 [#23]. This court has reviewed the Motion to Dismiss and Response thereto, the Motion for Summary Judgment, the entire case file, and the applicable case law, and respectfully RECOMMENDS that the court DENY both the Motion to Dismiss and the Motion for Summary Judgment.

---

[1] This action was originally filed against Carolyn Colvin, as Acting Commissioner of the Social Security Administration. Nancy Berryhill succeeded Carolyn Colvin as Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, this court automatically substitutes Acting Commissioner Berryhill as Defendant in this matter.

## BACKGROUND

On March 18, 2016, Plaintiff Andrew J. O'Connor initiated this action *pro se* pursuant to Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 401-33 and 1381-83(c), for review of the Commissioner of Social Security's (the "Commissioner") final decision denying his application for Disability Insurance Benefits ("DBI") and Supplemental Security Income ("SSI"). *See* [#1]. The court derives the following facts from the Complaint.

Mr. O'Connor's disability arises from an automobile accident in 1992, which was caused by a drunk driver hitting Plaintiff's vehicle head-on and which resulted in Plaintiff sustaining a traumatic brain injury and spending over thirteen months in the hospital. *See* [*id.*]; *see also* [#12 at 2]. Mr. O'Connor applied for DBI and SSI on November 25, 2013. [#1 at 3]. His application was denied on June 6, 2014. *Id.* Plaintiff thereafter requested a hearing before an administrative law judge ("ALJ") and appeared for a hearing on August 3, 2015. *Id.* The ALJ ruled that Plaintiff was not disabled under the Act and, on December 2, 2015, Plaintiff filed a request for review of the decision. [*Id.* at 4]. On January 18, 2016, Mr. O'Connor received the notice of the Appeals Council denying his request for review of the ALJ's decision. [*Id.*] Mr. O'Connor initiated this civil action on March 18, 2016.

On March 29, 2016, the court issued an Order instructing Plaintiff and the Commissioner to prepare and file a Joint Case Management Plan for Social Security Cases ("JCMP"), specifying in part that the JCMP should be filed within ten days of the Answer, and the Answer should be filed "no later than sixty (60) days, or sooner if practicable, after service…" [#8 at 2, 3]. The Order further specified that Plaintiff's opening brief would be due thirty days after the filing of the JCMP. *Id.* The Parties never filed a JCMP. Instead, on May 12, 2016, the Commissioner filed the Motion to Dismiss pursuant to Rule 12(b)(1), arguing that Plaintiff's

2

Complaint must be dismissed because it was filed more than sixty days after receipt of the "Final Decision" of the Commissioner. [#11]. The Motion to Dismiss also preemptively argued that equitable tolling is not appropriate to excuse Plaintiff's late filing. *See* [*id.*] On May 26, 2016, Plaintiff filed a Response, asserting that the Complaint is timely and, in the alternative, the court should equitably toll the deadline. [#12]. The Commissioner did not file a reply. The case was ultimately reassigned, *see* [#15, #18], and referred to this Magistrate Judge, *see* [#20]. After which, on November 3, 2017, Plaintiff filed the Motion for Summary Judgment, [#22], to which the Commissioner has not yet responded.

## ANALYSIS

**I.  Motion to Dismiss**

The Commissioner argues that the Complaint should be dismissed as untimely. Through the affidavit of Kathie Hartt, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, the Commissioner represents that "[o]n January 9, 2016, the Appeals Council sent, by mail addressed to the plaintiff at [redacted address] with a copy to the representative, notice of its action on the plaintiff's request for review and of the right to commence a civil action within sixty (60) days from the date of receipt." [#11-1 at 3, ¶ 3 (citing #11-1 at 29)] (emphasis added). The prevailing presumption is that an applicant receives a notice from the Appeals Council within five days of the date on which the notice is mailed. Therefore, the Commissioner argues, because the notice was mailed to Mr. O'Connor on January 9, 2016, we must presume he received the notice by January 14, 2016. In turn, January 14 triggers the sixty-day period within which he must file a civil action, and his Complaint is untimely because it was filed on March 18, 2016, four days after the sixtieth day. Additionally, there is no record that

Plaintiff filed a request for extension of time to file a civil action as specified in the Appeals Council's notice.

In his Response, Plaintiff reasserts that he received the notice of the Appeals Council on January 18, 2016, and contends that his Complaint was thus due on or before March 22, 2016. [#12 at 3]. Plaintiff cites no authority for his calculation of deadlines. He argues that, in the alternative, the court should equitably toll his deadline for filing the Complaint on account of his traumatic brain injury. [*Id.*]

**A. Governing Law**

1. *Pro Se* Filings

As mentioned above, Mr. O'Connor is appearing *pro se*, and as a result, the court would generally "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). It is unclear that Mr. O'Connor is entitled to a liberal construction of his filings, however, because he is a trained attorney. *See* [#12 at 1 ("Plaintiff graduated from law school in 1987 and practiced law as an assistant public defender…")]. *See Committee on the Conduct of Attorneys v. Oliver,* 510 F.3d 1219, 1223 (10th Cir. 2007); *Tatten v. Bank of Am. Corp.,* 562 F. App'x. 718, 720 (10th Cir. 2014). In an abundance of caution, this court will apply a liberal construction to the instant Motions, but is mindful that its role is not to act as a *pro se* litigant's advocate, *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009), or to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues," *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (internal citation omitted).

2.  Applicable Statute of Limitation and Federal Rule of Civil Procedure

Defendant moves to dismiss this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) based on the timing of Mr. O'Connor's filing. [#11]. Under the Act, the action by the Appeals Council denying Plaintiff's request for review rendered the ALJ's decision the "final decision" of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210(a). The court has jurisdiction to review the final decision of the Commissioner. *See* 42 U.S.C. § 405(g). However, its jurisdiction is limited, and any action seeking review of the final decision of the Commissioner must be made after a hearing to which the person bringing the action was a party and must be "commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner…may allow." *Id.* This statutory filing period has been altered by the Secretary and promulgated at 20 C.F.R. § 422.210(c), which states:

> Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

If a plaintiff successfully rebuts the presumption contained in § 422.210(c), the Commissioner then has the burden to show plaintiff received actual notice under the regulation. *McCall v. Bowen,* 832 F.2d 862, 864 (5th Cir.1987) (citation omitted). The sixty-day limitations period in 42 U.S.C. § 405(g) "is a condition on the waiver of sovereign immunity" that must be "strictly construed." *Miller v. Colvin*, Case No. CIV-16-26-M, 2016 WL 7670056, at *3 (W.D. Okla. Nov. 30, 2016) (quoting *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); citing *Cook v.*

*Comm'r of Soc. Sec.*, 480 F.3d 432, 438 (6th Cir. 2007) (affirming dismissal of § 405(g) action filed one day after the claimant's sixty-day limitations period expired).

In *Bowen v. City of New York,* 476 U.S. 467, 478 (1986), the United States Supreme Court held that the 60-day filing period is a statute of limitations and not a jurisdictional bar. *Accord Leslie v. Bowen*, 695 F. Supp. 504, 506 (D. Kan. 1988). Therefore, the proper standard of review is under Federal Rule of Civil Procedure 12(b)(6), rather than 12(b)(1). *Gossett v. Barnhart*, 139 F. App'x 24, 25 n.1 (10th Cir. 2005).

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations ... and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). However, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

If, on a Rule 12(b)(6) motion, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id. See also*, *Price v. Philpot*, 420 F.3d 1158, 1167 (10th Cir. 2005). But a court is not required to convert a motion to dismiss to one for summary judgment. Rather, that determination is left to the sound discretion of the court. *See Humood v. City of Aurora*, No. 12-cv-02185-RM-CBS, 2014 WL 4345410, at *5 (D. Colo. Aug. 28, 2014).

B.     Application

Ordinarily, a statute of limitations argument is presented as an affirmative defense. The issue may be resolved on a Rule 12(b)(6) motion where the application of the limitations period "is apparent on the face of the complaint." *Dummar v. Lummis,* 543 F.3d 614, 619 (10th Cir. 2008) (citing *Aldrich v. McCulloch Properties., Inc.* 627 F.2d 1036, 1041 & n.4 (10th Cir. 1980)).  Here, the application of the limitations period is not clear on its face; rather, the Complaint indicates that the civil action is timely filed.  *See* [#1].  Therefore, the action is not amenable to dismissal under the Rule 12(b)(6) standard.  Indeed, both Parties urge the court to consider information outside the four corners of the Complaint to resolve the issue presented; the Commissioner attached an affidavit to her Motion to Dismiss, and Plaintiff filed an exhibit titled "Neuropsychological Evaluation," in support of his representation that he suffers from a traumatic brain injury.  *See* [#13].

While this court could convert the Motion to Dismiss to one for summary judgment, such motions practice is not contemplated by the Order for Preparation for Joint Case Management Plan entered by the court.  [#8].  Instead, the Order specifically advised the Parties "**NOTICE: This Order contains provisions that alter substantively the way in which Social Security Appeals are managed and marshaled. Please read this Order carefully and thoroughly to ensure compliance with the orders of the court**."  [*Id.* at 1 (emphasis in original)].  The Order contemplated that the Commissioner would file an Answer to the Complaint, which "shall consist of a certified copy of the transcript of the administrative record plus any affirmative defense, which if then not filed, shall be waived."  [*Id.* at 2].  Plaintiff would then file his Opening Brief.  The Commissioner would have had the opportunity to argue the statute of

limitations defense in her Response Brief, to which Plaintiff would have filed a reply and cited any pertinent evidence to rebut the statute of limitations defense. *See id.*

The Commissioner never sought leave to diverge from the Order and file a motion for summary judgment. In this court's opinion, her failure to do so results in two distinct and important difficulties. First, Social Security appeals are managed in this District pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado – AP Rules. D.C.COLO.LAPR Rule 1.1(a). The AP Rules expressly state that "[m]otions for summary judgment shall not be filed." *Id.* at 16.1(b). The form JCMP includes a section in which the Parties can bring "other matters" to the court's attention. [#8-1 at 2]. While the court could have decided to proceed first and separately with the statute of limitations issue through a motion for summary judgment, the Commissioner's unilateral action deprived it of the opportunity to consider what procedure best promotes fairness to the Parties and judicial efficiency for the court. Second, more importantly, the Commissioner's failure to seek leave to file a dispositive motion resulted in briefing that reflects the improper Federal Rule applicable to the motion and implicitly shifts the burden of proof to Plaintiff, which could be significant for an individual proceeding *pro se* who is nonetheless required to comply with the same substantive law and procedural rules as a represented party. *See Murray v. City of Tahlequah, Okl.,* 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

Accordingly, this court respectfully RECOMMENDS that the Motion to Dismiss be DENIED, and ORDERS that the Parties confer to prepare the JCMP, as ordered by the court on March 29, 2016, and submit the JCMP to the court no later than December 15, 2017. In the interim, the Parties should also confer regarding the date on which Plaintiff received the Appeal

Council's notice, and whether he has in his possession evidence to rebut the statutory presumption. If the statute of limitations remains a defense the Commissioner wishes to assert, the Commissioner can move for leave to file a motion for summary judgment or the court can address the Parties' arguments and supporting evidence in the context of the briefing as described above.

## II. Motion for Summary Judgment

Mr. O'Connor seeks judgment in his favor as a matter of law that he is entitled to disability benefits in the amount of $600,000. *See* [#22]. As an initial observation, the Motion for Summary Judgment contains only a recitation of the procedural history of this case to date and the legal standard governing motions made pursuant to Federal Rule of Civil Procedure 56. This is insufficient to award Plaintiff the relief he seeks. *See* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). More importantly, and as stated above, the adjudication of this action should proceed pursuant to the JCMP, unless the court otherwise orders. Through his Complaint, Plaintiff seeks judicial review of the Commissioner's final decision. As discussed above, the AP Rules expressly state that "[m]otions for summary judgment shall not be filed." D.C.COLO.LAPR 16.1(b). And there is no reason evident to this court why the arguments Mr. O'Connor raises cannot be adequately considered within the

context of the briefing contemplated in a JCMP. For these reasons, the court respectfully RECOMMENDS that the Motion for Summary Judgment be DENIED.

## CONCLUSION

For the foregoing reasons, the court respectfully **RECOMMENDS**:

1. The Motion to Dismiss [#11] be **DENIED** without prejudice; and

2. The Motion for Summary Judgment be **DENIED** without prejudice.[2]

Additionally, **IT IS ORDERED**:

1. The Commissioner shall file her Answer and Administrative Record on or before **December 8, 2017**; and

2. The Parties shall submit their JCMP, as contemplated by the court's March 29, 2016 Order, [#8 at 3], on or before **December 15, 2017**.

---

[2] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED: November 15, 2017          BY THE COURT:

                                  s/ Nina Y. Wang_____
                                  United States Magistrate Judge